ISAAC D. PLACE, Respondent, *v.* JAMES H. CONKLIN and MARY F. CONKLIN, Appellants, Impleaded with SARAH A. PLACE and WALTER DUMVILLE.

*Brokerage on a marriage contract — payment of the broker's fee by the wife with property procured from the husband — the latter may sue for its recovery.*

Where a woman, in pursuance of a previous agreement made with a marriage broker employed by her, after her marriage procures money and land from her husband, who is ignorant of the agreement, and pays the broker his stipulated fee by turning over the money and giving a mortgage on the land to him, a suit is maintainable by the husband to recover such money from the broker and to annul the mortgage.

Although the property may have been turned over to the woman after she was married, in pursuance of a promise made at the time of the engagement, the whole transaction is vitiated by the conspiracy between the would-be wife and the marriage broker to obtain the marriage brokerage fee from the husband.

APPEAL by the defendants, James H. Conklin and Mary F. Conklin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 23d day of March, 1898, upon the decision of the court rendered after a trial at the Orange Special Term.

*John Miller*, for the appellants.

*A. H. F. Seeger*, for the respondent.

WILLARD BARTLETT, J. :

In the case of *Duval* v. *Wellman* (124 N. Y. 156) a contract whereby a woman employed a man as a marriage broker to procure for her a husband was pronounced void as against public policy, and it was held that the woman was entitled to recover from the marriage broker the sum of fifty-five dollars which she had paid for his efforts in her behalf. Although she was a participant in the wrongful transaction she was deemed less blameworthy than the broker, and the court, therefore, felt warranted, under well-established rules, in granting her relief. To have done otherwise, as was pointed out by BROWN, J., who delivered the opinion, would have been to enable the defendant and others of the same ilk "to ply their trade and secure themselves in the fruits of their illegal transactions."

The present case goes a step further. Here the efforts of the broker were successful in bringing about the desired marriage. The

woman who employed him, in pursuance of a previous agreement between them, of which her husband had no knowledge, then procured money and land from her husband and paid the broker his stipulated fee by turning over the money to him and giving him a mortgage on the land. This suit is brought by the victimized husband, who thus unwittingly paid the marriage brokerage, to recover the money from the broker and annul the mortgage; and the court at Special Term has rendered judgment in favor of the plaintiff.

We find no difficulty in sustaining the judgment. If the action of *Duval* v. *Wellman* (*supra*) was maintainable by one who, although she was *particeps criminis* with the broker, was nevertheless not regarded as being *in pari delicto* with him, much more clearly is this suit maintainable by the husband here, who is wholly innocent in the transaction, and has simply been made the dupe of his wife and the marriage broker who conspired together to obtain the brokerage fee out of his property. Their agreement was unlawful, and he who has suffered from it may assert its illegality and have restored to him the property of which it has operated to deprive him.

The case comes before us upon the judgment roll alone, without any of the evidence. The appellants thus practically concede that the findings of fact are supported by the proof; and although they have filed exceptions to the findings of fact, as well as to the conclusions of law, they have no standing here except to question the correctness of the latter. They insist that the property having been turned over to the woman after she was married, in pursuance of a promise made at the time of the engagement, the marriage constituted a good consideration for the transfer; and that the money and land having thus become the property of the wife, she was at liberty under the law to do what she liked with her own. This argument, however, ignores the basic fact that the whole transaction was vitiated by the conspiracy between the would-be wife and the marriage broker to obtain the marriage brokerage fee from the hoodwinked husband. Upon the findings of fact, we entertain no doubt as to the correctness of the conclusions of law reached by the learned trial judge in this case.

The judgment must, therefore, be affirmed.

All concurred.

Judgment affirmed, with costs.